JOSEPH D. McNEAL & others *vs.* JOHN W. EMERSON & another.

The mortgagee of personal property has an implied irrevocable license, after foreclosure, to enter in a peaceable and reasonable manner upon the premises of the mortgagor to take away the goods mortgaged, even if the mortgagor was but a tenant in common of the premises; at least, if the mortgagor has purchased with notice of the mortgage his cotenant's interest in the mortgaged property. And if the premises are a dwelling-house, the door being open and no objection being made, the mortgagee has a right to enter and take the mortgaged property away, without previous notice.

ACTION OF TORT against John W. Emerson and George W. Shannon for breaking and entering the plaintiffs' close. Trial and verdict for the plaintiffs in the Superior Court of Suffolk at January term 1859 before *Huntington*, J. to whose rulings the defendants alleged exceptions, which sufficiently appear in the opinion.

*W. L. Brown*, (*J. W. Emerson* with him,) for the defendants.

*B. Dean*, for the plaintiffs.

BIGELOW, J. The act of trespass, for which, with certain aggravations alleged in the declaration, the plaintiffs seek to recover damages in this action, is the entry of the defendants with their servants into a dwelling-house occupied by the plaintiffs as tenants in common, and the removal therefrom of certain furniture and other articles of personal property. The defendants justify this entry and removal, on the ground that they were the owners of the property taken by them, and had a right to enter the premises of the plaintiffs for the purpose of removing it.

It appeared at the trial that Joseph D. McNeal, one of the plaintiffs, had conveyed the furniture and personal property in

controversy by two mortgages made to the defendants severally; one to Shannon bearing date October 13th 1855, and one to Emerson dated May 1st 1857; that these mortgages were both foreclosed by notices given by the mortgagees, and duly recorded on the 13th of August 1857, pursuant to *St.* 1843, *c.* 72, § 1; that subsequently to the date of the last named mortgage, Joseph D. McNeal, the mortgagor, had become insolvent, and all his right to the property included in the mortgages had been conveyed by his assignee in insolvency to Edwin S. McNeal, the other plaintiff, "subject to all legal liens that might exist thereon."

On these facts, which seem not to have been disputed at the trial, it is very clear that, at the time of the alleged trespass, the defendants had become, by the foreclosure of the mortgages, the absolute owners of the furniture and property which were in the dwelling-house of the defendants and which they removed therefrom. This being so, it follows, as a matter of law, that they were justified in entering the dwelling-house for the purpose of taking their property, if the entry was made in a reasonable and proper manner and without force or violence. The rule is now well settled, that if the owner of real estate sells personal property situated on his premises, or suffers a person, with his knowledge and assent, to place goods or chattels thereon, he thereby gives an implied irrevocable license to the owner of the personal property to enter on the premises for the purpose of taking and removing it therefrom. In such case the right of possession follows the right of property; the title of the owner of the chattels being vested and absolute derives no validity from any grant or gift of a right or interest in land; the right of entry is only subsidiary to, and in aid of, a valid title to the chattels; and it would be a breach of good faith in the owner of the real estate to revoke his license and thereby to deprive a person of property which by his act or with his assent had been placed upon his premises. The doctrine of estoppel prevents him from setting up his title to real estate under such circumstances, to defeat a party in obtaining possession of property belonging to him. *Wood* v. *Manley*, 11

Ad. & El. 34. *Wood* v. *Leadbitter*, 13 M. & W. 838. *Heath* v *Randall*, 4 Cush. 195.

It can make no difference in the application of this doctrine to the case at bar, that the defendants entered on premises which were occupied by the plaintiffs as tenants in common. Each of them had a right to occupy the house *per mi et per tout*, and to the enjoyment of every part of it, so long as he did not exclude his cotenant. Each had the right to give a license to enter, co-extensive with his own title in the estate, and the law will imply a license sufficiently broad to enable a party to obtain possession of his property on the premises, if it did not exceed the right of the party therein from whom the implied license was derived. Under the mortgage from Joseph D. McNeal, one of the plaintiffs and tenants in common, the defendants had a license to enter the dwelling-house and every part of it for the purpose of taking their property; and in doing so, if they acted reasonably and with a due regard to the rights of the cotenant, they committed no trespass even as against him.

Besides, there was sufficient proof of a license from the co-tenant, Edwin S. McNeal, the other plaintiff. He had purchased the right of the mortgagor in the personal property from his assignee in insolvency, and taken a conveyance of it, subject in express terms to the right of the defendants as mortgagees. He was therefore in possession of the property with notice of their title to it; and by permitting it to be on his premises, he gave an implied license to them to enter and remove it.

The case seems to have been tried under a misapprehension as to the legal right of the defendants to enter on the premises occupied by the plaintiffs. On the facts in evidence, the defendants were clearly entitled to the instruction, that " the door being open and no objection being made, they had a right to enter and take the property owned by them under the foreclosed mortgages;" and the jury were erroneously instructed that the mortgages of themselves afforded no sufficient justification, and did not constitute a license in law to enter on the plaintiffs joint occupation and recover the furniture.

*Exceptions sustained.*